## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **JOSE RAMIREZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-24-CV-255-DCG** |
| | § | |
| **WARDEN, FCI La Tuna Camp,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Jose Ramirez, federal prisoner number 62198-380, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. His petition is dismissed without prejudice for lack of jurisdiction.

### BACKGROUND

Ramirez is a 52-year-old federal prisoner confined at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court. *See* www.bop.gov/inmateloc (search for Reg. 62198-380, last visited Nov. 1, 2024). His projected release date is October 23, 2029. *Id*.

Ramirez pleaded guilty to conspiracy to possess with intent to distribute more than 50 grams of actual methamphetamine and more than 500 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841 (b)(1)(A). *United States v. Ramirez*, 7:15-CR-280-DC-2 (W.D. Tex.), Am. J. Crim. Case, ECF No. 1368 at 1. He was sentenced to 210 months' confinement. *Id*. at 2. He did not appeal the sentencing court's judgment.

In his § 2241 petition, Ramirez maintains the First Step Act (FSA) mandates that inmates like him should receive "Unlimited Home Confinement / Halfway House time." Pet'r's Pet., ECF No. 1 at 7. He also complains about the quality of the water and the excessive heat at FCI La Tuna. *Id*. He asks the Court to intervene on his behalf and order Respondent Warden to "COMPLY with

Congressional Design in FSA and place Petitioner in [a residential reentry center or home confinement] to cease ongoing Civil Rights violations." *Id.* at 8. He concedes he has not exhausted his claims in the administrative review process. *Id.* at 3, 4, 7, 8.

## STANDARD OF REVIEW

"'Federal courts are courts of limited jurisdiction.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). District courts are "limited to those subjects encompassed within a statutory grant of jurisdiction." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Hence, "district courts may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U. S. 546, 552 (2005).

A prisoner may challenge "the manner in which his sentence is carried out or the prison authorities' determination of its duration" under a statute, 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). He may accordingly contest "his ineligibility for placement in ... less restrictive confinement designed to prepare a prisoner for reentry into society" because it affects the execution of his sentence. *Cervante v. United States*, 402 F. App'x 886, 887 (5th Cir. 2010) (per curiam). But to prevail with § 2241 petition, he must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

When a court receives a § 2241 petition, it accepts the allegations as true during its initial screening. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a *pro se* petitioner under a more lenient standard than it applies to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But it must still

find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556.

Upon completing the initial screening, a court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## ANALYSIS

### A. Exhaustion

Ramirez admits he did not exhaust his claims through the BOP's administrative review process before he filed his § 2241 petition. Pet'r's Pet., ECF No. 1 at 3, 4, 7, 8.

Before a prisoner may file a cognizable § 2241 petition in a federal court, he must first exhaust all his available administrative remedies. *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017). His exhaustion in this context means "proper exhaustion," including his compliance with all administrative deadlines and procedures established by the agency with custody over him. *Cf. Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing exhaustion in the context of the Prison Litigation Reform Act).

To comply with the exhaustion requirement, a federal prisoner must use the BOP's multi-tiered administrative remedy program and "seek formal review of an issue relating to any aspect of [his] confinement." 28 C.F.R. § 542.10(a). Initially, he must attempt to informally resolve the complaint with the staff with Form BP-8. *Id.* § 542.13(a). If his informal attempt is unsuccessful, he must submit a written complaint to his warden on Form BP-9. *Id.* § 542.14. If he is not satisfied with the warden's response, he may appeal to his regional director on Form BP-10. *Id.* § 542.15. If still not satisfied, he may appeal to the "Central Office" using Form BP-11. *Id.*

A prisoner may consider the absence of a timely response a denial at that level and proceed

3

to the next level. *Id*. But he may seek relief in federal court only after he has exhausted all levels of the administrative review process. *See Woodford*, 548 U.S at 90–91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."); *Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

While there are exceptions to the exhaustion requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief a prisoner seeks, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions apply only in "extraordinary circumstances." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citations omitted). And a petitioner bears the burden of demonstrating such circumstances. *Id.*

Ramirez concedes that he has not pursued his claims through the BOP's administrative review process. Pet'r's Pet., ECF No. 1 at 3, 4, 7, 8. He suggests that seeking BOP review of his claims would be a futile course of action. *Id.* But he provides no supporting evidence for this assertion. As a result, his "speculative and conclusory assertion that filing a grievance would be futile has not satisfied the exhaustion requirement." *Cf. Mentecki v. Corr. Corp. of Am*., 234 F.3d 1269 (6th Cir. 2000) (discussing exhaustion in the context of a civil rights complaint and 42 U.S.C. § 1997e).

Consequently, the Court finds that because Ramirez failed to exhaust, it lacks the jurisdiction to adjudicate his disputes with the BOP. It notes that dismissal on this basis alone is warranted. *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies). But even if

Ramirez had properly exhausted, the Court would still not grant him the § 2241 relief he seeks.

### B.  Home Confinement / Halfway House

Ramirez maintains the FSA mandates that inmates like him should receive "Unlimited Home Confinement / Halfway House time." Pet'r's Pet., ECF No. 1 at 7. He is wrong.

A prisoner cannot obtain "habeas relief ... 'absent the allegation ... that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotations and citation omitted)). A prisoner has no constitutional right to be confined in a particular place. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons."). And a prisoner also has "no constitutional or inherent right ... to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Simply because an inmate may somehow be eligible for placement in a particular facility does not mean that the Constitution requires the BOP to grant him that placement.

The discretion of the BOP to designate or assign housing for an inmate in its custody is governed by three statutes: (1)18 U.S.C. § 3621, (2) 18 U.S.C. § 3624, and (3) 34 U.S.C. § 60541.

### (1) Section 3621

Section 3621(b) grants the BOP the sole authority and discretion to designate a prisoner's place of confinement. *United States v. Chaney*, 823 F. App'x 278, 279 (5th Cir. 2020) (per curiam).

5

It says the BOP:

> may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable.

18 U.S.C. § 3621(b). In making this determination, the BOP must consider "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence ... and (5) any pertinent policy statement issued by the Sentencing Commission[.]" *Id*. But the BOP is not required to consider "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility." *Id*. And the BOP's "designation of a place of imprisonment under this subsection is not reviewable by any court." *Id.*

A designated place of confinement may include a residential reentry center or home confinement. *Moresco v. United States*, 982 F.2d 529 (10th Cir. 1992); *see also* 18 U.S.C. § 3624(c)(1) (requiring BOP to ensure, to the extent practicable, "that a prisoner serving a term of imprisonment spends a portion of the final months of that term … under conditions," such as a community correctional facility, that will help him prepare for reentry to the community); *id*. § 3624(c)(2) (granting BOP authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months").

### (2) Section 3624

Section 3624(c), as amended by the FSA, grants the BOP Director the authority and discretion to designate a prisoner place of confinement in a community corrections facility for up to twelve months. *United States v. Wessels*, 539 F.3d 913, 915 (8th Cir. 2008) (Bright, J.,

concurring). It also gives the Director the discretion "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). It additionally directs the BOP to issue new regulations to ensure that a placement in community correctional facility is "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id*. § 3624(c)(6). But it contains no mandatory language that requires the BOP to allow a prisoner to serve any time whatsoever in confinement in a community corrections facility or on home confinement.

### (3) Section 60541

Section 60541 focuses on rehabilitation, reintegration, and sentence reduction. It requires the BOP to "provide incentives for prisoner participation in skills development programs." 34 U.S.C. § 60541(a)(1)(G). It grants the BOP the discretion to offer a prisoner "the maximum allowable period in a community confinement facility" and other "such other incentives" as are considered appropriate—but it does not permit the BOP to reduce a prisoner's term of imprisonment. *Id*. § 60541 (a)(2).

The BOP adopted regulations to provide the procedures for designating inmates to pre-release community confinement or home detention. 28 C.F.R. §§ 570.20–22. Both the statutes and the regulations instruct the BOP to determine the amount of time a prisoner should spend in residential reentry center "on an individual basis." *Id*.; 28 C.F.R. § 570.22.

### (4) Discussion

Based on these statues, the Attorney General—and by delegation the BOP—has the exclusive authority and discretion to (1) designate an inmate's place of confinement and (2) determine if—and when—an inmate is designated to a residential reentry center or home

confinement. *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971). Based on these statutes, "any approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner— no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987).[1]

Furthermore, a petitioner complaining about a BOP assignment is not entitled to judicial relief for an alleged "violation of his Fifth Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.'" *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (quoting *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999) (citing *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981))); *cf. Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[A] statute which 'provides no more than a mere hope that the benefit will be obtained ... is not protected by due process.'") (alteration in original) (quoting *Greenholtz*, 442 U.S. at 11).

Thus, after reviewing Ramirez's petition and the applicable statutes, the Court finds that the BOP has the exclusive authority and discretion to determine if—and when—to assign Ramirez to a residential reentry center or home confinement. The Court further notes that Ramirez does not suggest—and the record does not support—a conclusion that the BOP acted "arbitrarily, capriciously, and in a discriminatory manner" or discriminated against Ramirez regarding his placement. As a result, the Court also finds it lacks the jurisdiction under § 2241 to grant him relief on his claims concerning his placement.

---

[1] The statutory language in 18 U.S.C. § 4082(b) was re-codified through Pub. L. 94-473, Title II, § 212(a)(2), Oct. 12, 1984, and is currently found at 18 U.S.C. § 3621(b).

8

### C.  Conditions of Confinement

Finally, Ramirez complains about the quality of the water and the excessive heat at FCI La Tuna. *Id*. at 7.

Habeas "is not available to prisoners complaining … of mistreatment during their legal incarceration." *Granville v. Hunt*, 411 F.2d 9, 12 (5th Cir. 1969). It is "is not available to review questions unrelated to the cause of detention." *See Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Its "sole function" is relief from unconstitutional custody." *Cook v. Hanberry*, 592 F.2d 248, 249 (5ᵗʰ Cir. 1979) (per curiam).

A civil rights suit—not a habeas action—is the proper vehicle for challenging unconstitutional conditions of confinement. *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) ("We have noted that a habeas petition is the proper vehicle to seek release from custody, while a civil rights suit … is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.") (cleaned up). "[I]f a favorable determination of the prisoner's claim would *not* automatically entitle [a prisoner] to accelerated release, then the proper vehicle is a civil rights suit." *Id.* (citation omitted) (emphasis added).

A favorable determination as to Ramirez's complaints about the heat and water quality at FCI La Tuna "would not automatically entitle [him] to accelerated release." *Falcetta v. Rosalez*, No. 23-50159, 2024 WL 890124, at *2 (5th Cir. Mar. 1, 2024). Allowing Ramirez to "shoehorn [his] claims into habeas" … "would utterly sever the writ from its common-law roots." *Wilkinson v. Dotson*, 544 U.S. 74, 86–87 (2005) (Scalia, J., concurring). Accordingly, Ramirez's complaints about the heat and water quality will be dismissed for lack of jurisdiction. *Boyle v. Wilson*, 814 F. App'x 881, 882 (5ᵗʰ Cir. 2020) (per curiam) (affirming dismissal of a § 2241 petition challenging conditions of confinement for lack of jurisdiction)

## CONCLUSIONS AND ORDERS

The Court finds that Ramirez has not only failed to exhaust his administrative remedies, but also has no constitutional or statutory right to residential reentry center placement, home confinement, or immediate release from BOP custody. The Court additionally concludes that it lacks the subject matter jurisdiction to address his heat and water quality claims under § 2241. The Court therefore concludes that it appears from the face of Ramirez's petition that he is not entitled to § 2241 relief. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Jose Ramirez's "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" and civil cause are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 5th day of November 2024.


_____
**DAVID C. GUADERRAMA**
**SENIOR UNITED STATES DISTRICT JUDGE**